IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOBILE COUNTY WATER, SEWER & FIRE PROTECTION AUTHORITY,<br><br>       Plaintiff,<br><br>v.<br><br>BOARD OF WATER AND SEWER COMMISSIONERS OF THE CITY OF MOBILE d/b/a MOBILE AREA WATER & SEWER SYSTEM; and the U.S. DEPT. OF AGRICULTURE RURAL DEVELOPMENT,<br><br>       Defendant. | CIVIL ACTION NO.:  1:21-cv-00400-JB-B |

## ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Defendant Board of Water and Sewer Commissioners of the City of Mobile, d/b/a Mobile Area Water & Sewer System ("MAWSS") answers Plaintiff Mobile County Water, Sewer & Fire Protection Authority's ("Mobile County Water") Complaint for Injunctive and Declaratory Relief (Doc. 1) as follows:

## INTRODUCTION

Defendant contends that 7 U.S.C. §1926(b) speaks for itself and denies Plaintiff's mischaracterization of the statute and its prohibitive effect in relation to the factual assertions made in the Introduction. Defendant denies that it flaunts any requirements of law and further denies that it has placed or is continuing to place lines not permitted by 7 U.S.C. §1926(b). Plaintiff has mischaracterized an easement as "allowing it to provide water service in Mobile County Water's area" when in fact the easement was acquired to effect the repair of an already existing and legal sewer line. Defendant

further denies all other factual allegations contained in Plaintiff's Introduction and denies that Plaintiff is entitled to the relief sought.

## PARTIES

1.      Defendant admits that Mobile County Water is a public corporation organized pursuant to §11-88-1, *et seq., Code of Alabama*, (1975) as amended. Defendant denies that Mobile County Water provides sewerage service within its geographic service area and is without specific knowledge to admit or deny its current capacity and service throughout its geographic area for water and fire protection. Therefore these allegations are denied.

2.      Defendant admits that it is a public agency whose members are appointed pursuant to §11-50-342, *Code of Alabama*, (1975). Defendant admits that it provides water and sewer services both within and without the City of Mobile and has done so with the knowledge, consent and invitation of Plaintiff for many decades.

3.      Admitted.

## JURISDICTION AND VENUE

4.      Defendant admits that this Court has jurisdiction over this action.

5.      Defendant admits that venue is proper in this judicial district.

## STATEMENT OF FACTS

6.      Defendant admits that Plaintiff filed a certificate of incorporation on or about April 12, 1965 which proposes to provide water and fire protection service in an unincorporated area of Mobile County. Defendant is without knowledge as to whether the incorporation and service area was in compliance with law and whether the map attached as Exhibit A to the Complaint accurately depicts the legal description in Plaintiff's Certificate of Incorporation and demands strict proof thereof.

7.      Defendant admits that this certificate of incorporation was filed but is without knowledge as to whether it was in compliance with law and demands strict proof thereof.

8.      Defendant admits that this certificate of incorporation was filed but is without knowledge as to whether it was in compliance with law and demands strict proof thereof.

9.      Defendants are without knowledge as to the wording and substance of the 1990 Resolution and therefore this paragraph is denied and strict proof thereof demanded.

10.     Defendant admits that the documents provided by Plaintiff purport to show entitlement to provide the cited service within what is depicted as "Parcel 1" on Exhibit A to the Amended Complaint. Defendant is without knowledge sufficient to admit or deny the remaining allegations and therefore strict proof is demanded.

11.     Denied.

12.     Denied.

13.     Admitted.

14.     Without full disclosure of all documents consisting of and supporting the "loan agreement with Banktrust," Defendant is unable to admit or deny the allegations of this paragraph. Therefore, the same are denied and strict proof thereof is demanded.

15.     Without full disclosure of all documents consisting of and supporting the loan guarantee by USDARD, Defendant is without knowledge sufficient to admit or deny this allegation. Therefore, the same is denied and strict proof thereof is demanded.

16.     Without full disclosure of the terms and conditions of the cited Revenue Bond, Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied and strict proof thereof is demanded.

17.     Without full disclosure of all documents consisting of and supporting the Loan Note Guarantee, Defendant is unable to admit or deny the allegations of this paragraph. Therefore, the same are denied and strict proof thereof is demanded.

18.     Without full disclosure of all documents evidencing the current indebtedness described, Defendant is unable to admit or deny the allegations of this paragraph. Therefore, the same are denied and strict proof thereof is demanded.

19.     Defendant is without knowledge as to the terms of the "guarantee of the Loan" and therefore is unable to admit or deny the allegations this paragraph. Therefore, the same are denied and strict proof thereof is demanded.

20.     Admitted.

21.     Admitted.

## MAWSS' PUBLIC COMPETITIVE BEHAVIOR
## IN KNOWING VIOLATION OF 7 U.S.C. §1926(b)

22.     Admitted.

23.     Defendant admits that Exhibit A was provided to it as an attachment to the referenced Complaint.

24.     Admitted.

25.     Defendant denies that Plaintiff fully responded to the public writings request.

26.     Defendant admits that it has knowledge of a federally guaranteed loan but does not have full documentation regarding same which Defendant intends to acquire through discovery in this action.

27.     Defendant admits that the Plaintiff has water service within the cited service areas but denies that such service is readily available throughout the service area.

28.     Denied.

29.     Defendant admits that Plaintiff claims protection pursuant to §1926(b) but denies that its actions violate any such protections. Defendant admits that it offers certain water service within areas claimed as exclusive by Plaintiff but also within the service area afforded Defendant under state law which is not exclusive as to Plaintiff.

30.     Defendant admits that its website speaks for itself.

31.     Defendant denies that any water service offered is prohibited by 7 U.S.C. §1926(b) or that it is in what Plaintiff describes as a "federally protected service area." Defendant's offer of water service in the area described is made on a case-by-case basis and in compliance with applicable federal law.

32.     Defendant admits that its website speaks for itself but denies that it is in violation of 7 U.S.C. §1926(b).

**TARA DRIVE DEVELOPMENT**

33.     Denied.

34.     Defendant denies that the area described is a "protected service area." In any event, there are no plans for water lines within the "undeveloped land" described in Paragraph 33.

35.     Admitted as to the undeveloped land described in Paragraph 33.

36.     Defendant is without knowledge sufficient to admit or deny these allegations. Therefore, the same are denied.

37.     Defendant does not have specific knowledge of Plaintiff's infrastructure in the area described on the east side of Schillinger Road South sufficient to admit or deny these allegations. Therefore, the same are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendant admits that MAWSS has a policy as described in this paragraph, subject to waiver by MAWSS in appropriate cases.

46.     Denied.

47.     Denied.

## SOUTH SAYBROOK AREA

48.     Without a more specific description of the area comprising the "South Saybrook area," Defendant is unable to admit or deny the allegations of this paragraph. Therefore, the same are denied.

49.     Defendant admits that the area, which it understands is generally described but not specifically described in this paragraph, does fall within a service area claimed by Mobile County Water but denies that it is protected. It is also within a service area of this Defendant.

50.     Defendant admits that a water tank exists in this area but is without knowledge sufficient to admit or deny the remaining allegations of this paragraph. Therefore, the same are denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied.

55.     Denied.

56.     Denied.

57.     Defendant admits that MAWSS has a policy as described in this paragraph, subject to waiver by MAWSS in appropriate cases.

58.     Denied.

59.     Denied.

## CYPRESS BUSINESS PARK DRIVE

60.     Denied.

61.     Defendant admits that the area described is within a service territory claimed by Plaintiff but is also within service area of Defendant.

62.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph and, therefore, the same are denied. The footnoted website speaks for itself.

63.     Defendant admits that a water tower exists but is without knowledge sufficient to admit or deny the remaining allegations of this paragraph. Therefore, the same are denied.

64.     Defendant admits that it obtained the described easement. Defendant denies that Plaintiff has correctly characterized the wording of the easement and Plaintiff has in fact omitted the phrase "sanitary sewer and/or" from the middle of the cited language in Paragraph 64. *See* highlighted language on the attached **Exhibit A**. Defendant would affirmatively assert that the purpose of the easement is solely to replace a ruptured **sanitary sewer** gravity line and is not for the purpose of installation of a water line.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Defendant admits that MAWSS has a policy as described in this paragraph, subject to waiver by MAWSS in appropriate cases.

71.     Denied.

72.     Denied.

## RANGELINE CROSSING

73.     Defendant admits that it has water lines in the area that have existed since 1977 or before. Defendant denies the remaining allegations of this paragraph.

74.     Defendant admits that Rangeline Crossing is within a service area claimed by Plaintiff but also within a service area of this Defendant. Defendant denies that the area claimed by Plaintiff is "protected."

75.     Defendant admits that some commercial development has begun in this area but is without knowledge sufficient to admit or deny the remaining allegations of this paragraph. Therefore, the same are denied.

76.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied.

77.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied.

78.     Denied.

79.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied.

80.     Denied.

81.     Denied.

82.     Defendant admits that MAWSS has a policy as described in this paragraph, subject to waiver by MAWSS in appropriate cases.

83.     Denied.

84.     Denied.

### HOMESTEAD RV COMMUNITY

85.     Admitted.

86.     Defendant admits that RV lots are being developed in the Homestead development but is without knowledge of the specifics set out in this paragraph, therefore the same are denied.

87.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied.

88.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied.

89.     Defendant admits that the development is within a service area of Plaintiff but also within a service area of this Defendant. Defendant denies that Mobile County Water's service territory is exclusive.

90.     Defendant admits that a water tower exists but is without knowledge sufficient to admit or deny the allegations of this paragraph. Therefore, the same are denied.

91.     Denied.

92.     Defendant denies that the area described is exclusive as to Mobile County Water.

93.     Denied.

94.     Defendant admits that it has installed water lines in the area described in approximately 2010 which are an expansion of water lines that existed in 1989 or before. Defendant is without knowledge as to the remaining allegations of this paragraph, therefore the same are denied.

95.     Denied.

96.     Defendant admits that MAWSS has a policy as described in this paragraph, subject to waiver by MAWSS in appropriate cases.

97.     Denied.

98.     Denied.

### FOWL RIVER AREA CUSTOMERS

99.     Defendant admits that MAWSS has a policy as described in this paragraph, subject to waiver by MAWSS in appropriate cases.

10

100. Denied.

101. Defendant admits that the area described is within a service area claimed by Plaintiff but is also within a service area of this Defendant. Defendant denies that Plaintiff's area is protected.

102. Admitted.

103. Denied.

104. Denied.

## USDARD IS AN INTERESTED & NECESSARY PARTY

105. Denied.

106. Denied.

107. Denied.

108. Defendant denies that USDARD is a necessary or interested party.

109. Defendant denies that USDARD is a necessary or interested party.

110. Defendant denies that USDARD is a necessary or interested party.

## COUNT I – DECLARATORY JUDGMENT

111. Defendant adopts its prior answers.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Defendant admits that Plaintiff is an "association" within the meaning of §1926(b). The remaining allegations of this paragraph are denied and strict proof thereof demanded.

118.    Defendant admits that Plaintiff is an "association" as described in §1926(b) and that the statute speaks for itself. Defendant denies that the rights, privileges, and protections asserted against the interests of this Defendant are valid under the statute.

119.    Defendant admits that an actual controversy exists between the parties and that declaratory relief by the Court is proper. To this end, Defendant will file its own counterclaim seeking declaratory relief of the Court.

120.    Defendant admits that a judicial declaration of the rights of both Defendant and Plaintiff is appropriate but denies the remaining allegations of this paragraph.

121.    Defendant denies that Plaintiff is entitled to the declaratory relief sought in this paragraph and in each of its subparts.

## COUNT II – INJUNCTIVE RELIEF

122.    Defendant adopts its prior answers.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Defendant denies that Plaintiff is entitled to the injunctive relieve sought in this paragraph and in each of its subparts.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the declaratory relief, injunctive relief, and costs or attorney's fees being sought.

12

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by estoppel.

### SECOND AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in whole or in part is barred by the statute of limitations

### FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is contractually barred from seeking the relief sought in its Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred in whole or in part by the doctrine of *res judicata*.

### SEVENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff would constitute an unconstitutional taking of a property interest of this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands which would bar Plaintiff from obtaining the relief sought in its Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is acting *ultra vires* in asserting the claims made in its Complaint.

## TENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred in whole or in part by the doctrine of collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived entitlement to the rights asserted.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the damages sought.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is in breach of a contract with this Defendant which precludes assertion of the rights sought in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff constitutes an unconstitutional taking of a protected property interest of this Defendant vested in it by contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff constitutes an unconstitutional taking of a protected property interest vested in it by law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action constitutes an unconstitutional taking of a protected property interest of this Defendant without due process of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff will constitute a *de facto* inverse condemnation of a property interest of this Defendant without due process of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The actions of Plaintiff as a public entity constitutes an unconstitutional taking of a right afforded this Defendant under color of law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff acting under color of law has caused or seeks a remedy which would cause this Defendant to be deprived of rights, privileges or immunities secured by the Constitution and laws of the United States.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant pleads fraud, concealment, or deceit on behalf of the Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant pleads that one or more of Plaintiff's claims do not present justiciable controversy, or are not ripe, or are moot.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant pleads ratification or consent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant pleads release.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant pleads mistake.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant pleads illegality.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads unconscionable or inequitable conduct by Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads claim preclusion or issue preclusion.

**s/Lawrence M. Wettermark**
LAWRENCE M. WETTERMARK (WETTL2146)
lwettermark@gallowayllp.com
ANDREW J. RUTENS  (RUTEA8549)
arutens@gallowayllp.com
DAVID F. WALKER (WAL127)
david@gallowayllp.com
GALLOWAY, WETTERMARK
    & RUTENS, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH: (251)476-4493 / FX: (251)479-5566
*Attorneys for the Defendant Board of Water
and Sewer Commissioners of the City of
Mobile d/b/a Mobile Area Water & Sewer
System*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Todd D. Engelhardt, Esq.
A. Patrick Dungan, Esq.
Danielle E. Douglas, Esq.
Jay M. Ross, Esq.

**s/Lawrence M. Wettermark**

16