IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOBILE COUNTY WATER, SEWER AND FIRE PROTECTION AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF WATER AND SEWER COMMISSIONERS OF THE CITY OF MOBILE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 21-00400-JB-B<br>)<br>)<br>)<br>)<br>)<br>) |

<u>ORDER</u>

This matter is before the Court on Defendant United States Department of Agriculture Rural Development's ("USDARD") Motion to Dismiss. (Doc. 56).  The Motion has been fully briefed (Docs. 56, 61, and 62) and the Court heard oral argument on the Motion on July 26, 2022. Upon due consideration, for the reasons stated herein, as well as those stated by the Court on the record at oral argument, USDARD's Motion to Dismiss (Doc. 56) is **GRANTED**.[1]

I.      **Background**

The First Amended Complaint ("the Complaint") specifies Plaintiff, Mobile County Water, Sewer & Fire Protection Authority, is suing "Defendant Board of Water and Sewer Commissioners of the City of Mobile, dba Mobile Area Water & Sewer System ('MAWSS') for injunctive relief for violation of [Plaintiff's] rights and privileges under 42 U.S.C. § 1983, and sues MAWSS and Defendant U.S. Dept. of Agriculture Rural Development ('USDARD') for declaratory relief

---

[1] Only Plaintiff and USDARD presented oral argument. Defendant Mobile Area Water and Sewer System took no position on USDARD's Motion to Dismiss.

pursuant to 28 U.S.C. §§ 2201 and 2202." (Doc. 21). The Complaint alleges MAWSS violated §

1926(b) of the Consolidated Farm and Rural Development Act of 1961 (7 U.S.C. §§ 1921 *et seq.*).

Section 1926(b) prohibits municipal corporations or other public bodies from curtailing or limiting

water service provided or made available by any rural water association indebted to the USDARD

during the term of such indebtedness. The focus of Plaintiff's Complaint is alleged violation of 7

U.S.C. § 1926(b) by MAWSS.

USDARD moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).   USDARD

argues, respectively, the Court lacks jurisdiction over the claims against USDARD as it is entitled

to sovereign immunity and the Complaint fails to state a claim against USDARD.   The Court

concludes Plaintiff's Complaint does not allege any action USDARD has taken or failed to take

regarding this matter and fails to identify any request for relief against USDARD or that USDARD

could provide, and therefore fails to state a claim upon which relief may be granted.   Accordingly,

the Complaint against USDARD is **DISMISSED**.

II.    **Standard of Review**

   A.  **Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss for Lack of Jurisdiction**

A Court should dismiss a claim if it lacks subject matter jurisdiction over it. Fed. R. Civ. P.

12(b)(1). Generally, "[t]he burden for establishing federal subject matter jurisdiction rests with

the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247

(11th Cir. 2005). An attack on jurisdiction may be either facial or factual in nature.   *Stalley ex rel.*

*United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 - 33 (11th Cir. 2008).   A

facial attack requires the Court to consult the face of the complaint to determine whether it has

alleged an adequate basis for jurisdiction, and factual allegations in the complaint are treated as

true. *Id.* In contrast, a factual attack challenges the existence of jurisdiction with material that extends beyond the pleadings. *Id.*

> **B. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a complaint "does not need detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). While a court must accept as true a plaintiff's well-pleaded factual allegations, it is not required to accept a plaintiff's legal conclusions. *Id*. A court reviewing a motion to dismiss under Rule 12(b)(6) is typically limited to the four corners of the complaint and exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (*per curiam*).

### III.   Facts

On November 5, 2021, Plaintiff filed its Complaint for Injunctive and Declaratory Relief. (Doc. 21). Plaintiff alleges MAWSS has violated 7 U.S.C. § 1926(b)[2] of the Consolidated Farm and Rural Development Act of 1961 (7 U.S.C. §§ 1921 *et seq*.) by encroaching on Plaintiff's right to serve its customer base and interfering with its service areas. The substantive content of the Complaint addresses alleged actions by MAWSS. The Complaint mentions USDARD only a handful of times, and its allegations pertaining to USDARD are limited as follows:

a.   In the Introductory portion of the Complaint, Plaintiff claims:

Section 1926(b) prohibits municipal corporations or other public bodies from curtailing or limiting water service provided or made available by any rural water association indebted to the USDARD during the term of such indebtedness. Despite only recently being sued in this Court for a different instance of violating that statute MAWSS is right back at it; as explained below MAWSS continues to flaunt the requirements of law that it stay out of Mobile County Water's service area while Mobile County Water is indebted to the USDARD. Unlike in the previous lawsuit, where MAWSS could arguably claim ignorance of the USDARD loan, it no longer has that excuse. (footnote omitted).

(Doc. 21).

b.   The Complaint also alleges that MAWSS's actions "attempts to damage [Plaintiff's] ability to fulfill its obligation to USDARD."

(Doc. 21).

Plaintiff, with some reference to USDARD, explains:

---

[2] Section 1926(b) states: "The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event." 7 U.S.C. § 1926(b).

14.     In furtherance of providing service to its customers, and in order to provide financing for the construction or improvement of sewer facilities, its present or future water works plant and distribution system, fire protection system, and sanitary sewer systems, on or about September 21, 2010, Mobile County Water entered into a loan agreement with Banktrust in the principal amount of $1,260,630.00 (the "Loan").

15.     Ninety percent of the Loan was guaranteed by USDARD.

16.     In consideration for obtaining the loaned funds, Mobile County Water pledged the revenues derived from its systems remaining after payment of the reasonable and necessary expenses of maintaining and operating such systems ("Net System Revenues"), through the issuance of a Subordinate Revenue Bond, Series 2010 ("the Bond"). The Bond has a 360-month term with an expiration date of August 1, 2041.

17.     Banktrust assigned certain rights in the Net System Revenues to USDARD in consideration for USDARD's guaranty of the loan. USDARD executed a Loan Note Guarantee on October 19, 2011, agreeing to pay the guaranteed portion of the loan in the event of a loss, subject to certain conditions and pursuant to the Consolidated Farm and Rural Development Act (7 U.S.C. §§ 1921 *et seq.*).

18.     Mobile County Water remains indebted to Banktrust and to USDARD on the Loan.

19.     USDARD provided its guaranty of the Loan pursuant to its authority to do so under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 *et. seq*.

(Doc. 21).

Plaintiff alleges USDARD is a necessary party to the litigation for the following reasons:

MAWSS's intrusions "threaten [Plaintiff's] ability to repay its indebtedness to [lender] and USDARD, 2) USDARD "stands to suffer failed debt should MAWSS's illegal intrusions into Mobile County Water's protected service area be allowed to occur," 3) USDARD "has an interest in preserving the rights of indebted associations nationwide, in furtherance of § 1926(b) and the Consolidated Farm and Rural Development Act," and 4) "MAWSS has indicated its intention to challenge the validity, enforcement, and interpretation of 7 U.S.C. § 1926(b), which is directly related to USDARD's purpose as a governmental entity which promotes the provision of water services to rural areas of the United States."

(Doc. 21).

Count One of the Complaint includes the following limited references to USDARD:

> 114.    MAWSS's actions and intended actions violate 7 U.S.C. § 1926(b)'s intended purposes of protecting rural water associations from encroachment by competition, the encouragement of rural water development, and the provision of greater security for repayment of loans provided by or guaranteed by USDARD.
>
> …
>
> 117.    Mobile County Water is an "association" within the meaning of 7 U.S.C. § 1926(b), is indebted to USDARD, and is able to make water service available to the various areas listed above, which are considered to be rural areas by the USDARD and which lie fully within Mobile County Water's exclusive service area as determined by the Mobile County Commission.
>
> 119.    There exists a dispute and actual controversy between the parties that cannot be resolved absent declaratory relief by this court, namely whether MAWSS is legally allowed to continually violate Mobile County Water's exclusive service area, when Mobile County Water stands ready, willing, and more able to serve those rural areas, which all fall squarely within Mobile County Water's and USDARD's intended purpose of servicing rural areas.
>
> 121.    Mobile County Water is entitled to a declaratory judgment pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, declaring the rights and legal relations of the parties as follows:
>
> a.    Mobile County Water is an "association" within the meaning of 7 U.S.C. § 1926(b), is currently indebted to USDARD, and is able within a reasonable time to make available water service in each of the above listed areas;
>
> b.    Mobile County Water is entitled to the rights, privileges, and protections granted it under 7 U.S.C. § 1926(b) throughout the remainder of the term of its USDARD indebtedness;

(Doc. 21). These portions of the Complaint illustrate the entirety of Plaintiff's substantive references to USDARD.

6

On December 6, 2021, MAWSS filed its Answer. (Doc. 26). MAWSS denied that USDARD was a necessary party to this litigation. (Doc. 26). On January 6, 2022, MAWSS filed a Counterclaim for Declaratory and Other Relief. (Doc. 36). MAWSS did not assert any claims against USDARD.[3]

On May 31, 2022, USDARD filed the instant Motion to Dismiss.

IV.    **Analysis**

A.  **Sovereign Immunity**

USDARD argues the Court lacks jurisdiction because Plaintiff has failed to establish a waiver of sovereign immunity.   The United States cannot be sued without its consent.  *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392 (1976); *United States v. Sherwood*, 312 U.S. 584 (1941). The doctrine of sovereign immunity presumptively "shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).

Congress has the power to waive immunity and consent to suit in a particular context. *Terrell v. United States*, 783 F.2d 1562, 1565 (11th Cir. 1986).  "Such waivers, however, must be explicit."  *Id.*  "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government [agency], the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015); *see also Johnson v. United States Dep't of Justice*, 2016 WL 2904986 (S.D. Ala. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2770881 (S.D. Ala. May 13, 2016), *aff'd sub nom. Johnson v. United States, Dep't of*

---

[3]  The style of the case identifies USDARD as a "counterclaim plaintiff" but the content of the document makes no claim against USDARD. (Doc. 36).

*Justice*, 694 F. App'x 748 (11th Cir. 2017) (holding that a plaintiff's claim against a federal agency of the United States was due to be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction because the federal agency had not waived sovereign immunity).

It is Plaintiff's burden to demonstrate a waiver of sovereign immunity. *See, e.g., Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. July 21, 2010); *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. March 13, 2007); *Johnson v. WindCreek Casino, Hotel*, 2016 U.S. Dist. LEXIS 77804, *2 (S.D. Ala. 2016). However, before considering whether Plaintiff has demonstrated waiver, the Court must first determine whether the doctrine of sovereign immunity applies. The Eleventh Circuit has instructed, "[i]n analyzing the use of any sovereign immunity defense, the first question is whether the doctrine applies at all." *Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985). The Court in *Panola* phrased this "first question" as follows: "Is the action a suit against the United States as a sovereign." *Id. See also Green v. Werfel*, 2014 U.S. Dist. LEXIS 82277, *4 (M.D. Fla. 2014) (citing *Panola*, 762 F.2d at 1555).

The answer to the "first question" of applicability is determined by the "nature of the relief which may be provided" against the United States. *Panola*, 762 F.2d at 1555; *see also Green*, 2014 U.S. Dist. LEXIS 82277, *4 (the "first step" in a sovereign immunity analysis is "determining whether the action is truly directed at the United States.") (citing *Panola*, 762 F.2d at 1555). In *Panola*, the Court explained an action is against the United States as a sovereign, "where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Id.* (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Alabama Rural Fire Insurance Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir. 1976)).

Based on the Complaint, Plaintiff does not seek a "judgment" from USDARD that fits within any of the categories described in *Panola*. Plaintiff does not seek a judgment against USDARD which would be satisfied from monies of the federal Treasury; it seeks no relief from USDARD that would interfere with its public administration; it seeks no relief from USDARD with an effect of compelling or restraining USDARD's actions. In fact, the Court finds Plaintiff seeks no relief against USDARD at all. Plaintiff, in its opposition to USDARD's Motion to Dismiss, expressly concedes as much: "Plaintiff seeks nothing from the Federal Government;" it "seeks nothing from USDARD in this lawsuit." (Doc. 61). Thus it would seem that the doctrine of sovereign immunity does not apply Plaintiff's "suit" against USDARD.

USDARD's attempt to distinguish *Panola* (Doc. 61) is unpersuasive. USDARD broadly states the Court in *Panola* "determined that the agency had waived sovereign immunity." (Doc. 62). However, the particular outcome in *Panola* is more nuanced than a simple determination that sovereign immunity had been waived. Indeed, the Court found "the doctrine of sovereign immunity [did] not apply" to plaintiff's declaratory judgment claims. *Panola*, 762 F.2d at 1556. The Court did find, though, that sovereign immunity applied to the claims for injunctive relief, as the claimed injunction would require defendants to grant plaintiff's loan application and make funds available. *Id.* These requirements would "interfere with public administration." *Id.* The Court continued, finding "as a whole, . . . [plaintiff's] requested relief is properly understood to entail a declaratory judgment defining its rights under the [NHA]." *Id.* The Court noted the trial court's understanding of the action "as seeking redress from the decision not to provide funds," but found plaintiff' "basic objective" was to have the federal defendants provide "a constitutionally fair evaluation of [plaintiff's] right to receive a benefit under the [NHA]." *Id.* at

9

1560.  Having made these findings, the Court determined that sovereign immunity was "not a bar to judicial review of *most* of [plaintiff's] allegations and actions." *Id.* (emphasis added).

Here, Plaintiff's "claims" against USDARD bear no resemblance to the claims asserted in *Panola*, even including the declaratory claims in that case to which the doctrine of sovereign immunity did not apply.  *Id.* 1556.  Unlike Plaintiff's declaratory "claims" in this case - to the extent they may be discerned – the declaratory claims in *Panola* that were not subject to sovereign immunity were clearly directed at and alleged wrongdoing by the federal defendants.

USDARD argues *Panola* is distinguishable for the very reason that Plaintiff fails to specify its claims against it.  (Doc. 62).  However, Plaintiff's failure does not establish this suit as against "the United States as a sovereign."  *Panola*, 762 F.2d at 1555.   Plaintiff's failure to specify the relief it seeks from USDARD, especially in light of its concession that it seeks nothing from it, does not allow a determination that this action is "truly directed at the United States."  *Green v. Werfel*, 2014 U.S. Dist. LEXIS 82277, *4.

For these reasons, the Court concludes that the doctrine of sovereign immunity does not apply to Plaintiff's "claims" against USDARD.  The Motion to Dismiss pursuant to Rule 12(b)(1) is denied.  However, the basis of that conclusion compels the granting of USDARD's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

### B.  The Complaint Fails to State a Claim against USDARD

Plaintiff's claim for declaratory relief against USDARD fails to state a claim against USDARD. Plaintiff has failed to identify any action or inaction on the part of USDARD or any relief USDARD could provide. Plaintiff seeks nothing from USDARD. Additionally, even if Plaintiff obtains the relief sought (*i.e.* declaratory relief against MAWSS), there would be no impact on

USDARD. Plaintiff alleges MAWSS has acted in violation of 7 U.S.C. § 1926(b) but is silent as to USDARD.

Plaintiff argues that as guarantor of the debt, USDARD has an interest in Plaintiff's ability to repay its debt, and that ability is being jeopardized by MAWSS's encroachment. (Doc. 61 at 8-9, PageID.527-28). Further, Plaintiff argues USDARD's interest is threated or implicated, requiring judicial clarification of all parties' rights. (*Id*.)  Plaintiff also directs the Court to 7 C.F.R. § 1782.14 which states:

> (a) 7 U.S.C. 1926(b) was enacted to protect the service area of Agency borrowers with outstanding loans, or those loans sold in the sale of assets authorized by the "Joint Resolution Making Continuing Appropriations for the Fiscal Year 1987, Pub. L. 99-591, 100 Stat. 3341 (1986)," from loss of users due to actions or activities of other entities in the service area of the Agency financed system. Without this protection, other entities could extend service to users within the service area, and thereby undermine the purpose of the congressionally mandated water and waste loan and grant programs and jeopardize the borrower's ability to repay its Agency debt.

> (b)  *Responsibility for initiating action in response to those actions prohibited by 7 U.S.C. 1926(b) rests with the borrower.*

7 C.F.R. § 1782.14 (emphasis added). This regulation does not support Plaintiff's argument that it has sufficiently stated a claim against USDARD. This regulation is silent as to any role USDARD may play in litigation concerning 7 U.S.C. § 1926(b).

Plaintiff's claim or potential claim against USDARD or any claim USDARD may have against Plaintiff sometime in the future is speculative in nature and does not present a case or controversy currently before this Court in the context of this suit.  Plaintiff's argument that USDARD is an indispensable party is likewise without merit.  Detailed examination of the content of Count One establishes that Plaintiff fails to state a claim against USDARD. Accordingly,

USDARD's Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED** and Count One is **DISMISSED** as to USDARD.

Counts One and Two remain pending against MAWSS.

**V.      Conclusion**

For the reasons discussed herein, and the Court's findings of fact and conclusions of law made on the record at oral argument, Defendant USDARD's Motion to Dismiss (Doc. 56) for failure to state a claim under Rule 12(b)(6) is **GRANTED**. (Doc. 56). Counts One and Two remain pending against MAWSS.

**DONE and ORDERED** this 23rd day of August, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE